UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Case No.: 5:24-cv-00259

| | |
|---|---|
| **ADAM WISSINGER**, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**PLATINUM CHOICE HEALTH CARE LLC,**<br><br>*Defendant*. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the illegal telemarketing practices of Defendant Platinum Choice Health Care LLC ("PCHC" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the North Carolina General Statute § 75-100, *et seq.*

2. Defendant is an insurance company offering Medicare Supplement, Medicare Advantage, Prescription Part D Drug Plans, health insurance, dental/vision coverage and final expense insurance.

3. In an effort to obtain new clients for its business, Defendant cold calls consumers.

4. Plaintiff received these calls and repeatedly asked that they stop.

5. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls.

6. Accordingly, Plaintiff brings this TCPA action on behalf of himself and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c) and three classes of similarly situated individuals under N.C. Gen. Stat. §§ 75-102(a), (b), and (c).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claim that they form a single case or controversy.

9. This Court has jurisdiction over the Defendant because Defendant regularly conduct business transactions in this District and has committed tortious acts in this District. Defendant purposefully directed its telemarketing activities at residents within this District, by calling telephone numbers with area codes assigned to this District.

10. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Mooresville, North Carolina.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Plaintiff is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

14. Defendant is, and at all times mentioned herein was, a Florida limited liability company headquartered at 791 Park of Commerce Blvd., Suite 201, Boca Raton, Florida 33487.

15. Defendant is, and at all times mentioned herein was, a "person" as defined by 47

U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a "telephone solicitor" as defined by N.C. Gen. Stat. § 75-101(10).

17. Defendant may be served via its registered agent, Corporation Service Company, located at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

## GENERAL FACTUAL ALLEGATIONS

18. Defendant is an insurance company offering Medicare Supplement, Medicare Advantage, Prescription Part D Drug Plans, health insurance, dental/vision coverage and final expense insurance.

19. In order to market their services, Defendant, or someone acting on its behalf and at its direction, makes telemarketing calls marketing its products and services to the personal telephone numbers of consumers who did not consent to the calls.

20. These telephone calls come from different numbers.

21. However, they all use the first six numbers as follows: 704-440-XXXX.

22. Defendant used the 704 area code to mimic and cause the appearance of a local telephone number.

23. These calls solicit consumers with insurance products and services of Defendant.

24. Upon information and belief, Defendant has not implemented the required policies, procedures and training required by the TCPA.

25. Upon information and belief, Defendant fails to honor do-not-call requests and has no policy or procedure for handling do-not-call requests.

## PLAINTIFF'S FACTUAL ALLEGATIONS

26. Plaintiff is the user of a cellular telephone.

27. Plaintiff's cellular telephone is used for personal and residential purposes.

28. Plaintiff registered his telephone number on the National Do Not Call Registry on November 22, 2022.

29. Plaintiff received numerous calls from Defendant that solicited Defendant's products and/or services.

30. For example, Plaintiff received calls from Defendant on at least the following dates from the following numbers:

- November 14, 2024 from (704) 440-1354, (704) 440-1352, and (704) 440-1286;
- November 15, 2024 from (704) 440-1302, (704) 440-1427, (704) 440-1346; (704) 440-1330, and (704) 440-1304;
- November 16, 2024 from (704) 440-1355;
- November 17, 2024 from (704) 440-1427 and (704) 440-1330;
- November 18, 2024 from (704) 440-1353;
- November 19, 2024 from (704) 440-1354; and
- November 20, 2024 from (704) 440-1302, (704) 440-1427 and (704) 440-1286.

31. Plaintiff never provided prior express written consent (or any consent) to Defendant for these telephone calls.

32. During many of the calls, Plaintiff would instruct Defendant to stop calling him, including but not limited to on November 15, 2024.

### **DEFENDANT'S LIABILITY**

33. Because Defendant's calls constitute telemarketing, Defendant is required to obtain prior express written consent from the persons to whom Defendant made calls.

34. "Prior express written consent" is specifically defined by regulation as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(9)(emphasis added).

35. Plaintiff never provided Defendant with any consent, written or otherwise.

36. The TCPA also prohibits making multiple telephone solicitation calls to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

37. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

38. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

39. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

40. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including to Plaintiff's number.

41. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per call.

42. Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

43. In addition, the TCPA specifically required the FCC to "initiate a rulemaking

proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

44. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

45. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order.").

46. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

47. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list for calls made by or on behalf of that person or entity, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

48. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

49. Accordingly, all telemarketing calls violate the TCPA unless Defendant can demonstrate that they have implemented the required policies and procedures.

50. Defendant violated this rule by not having such policies and training, and failing to honor do-not-call requests for calls it made or that were made on its behalf including the continued calls to Plaintiff after he directly asked not to be contacted.

51. For violations of 47 C.F.R. § 64.1200(d), Plaintiff is entitled to an additional $500

per call.

52. Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

53. North Carolina General Statute § 75-102(a) prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

54. Plaintiff's number was on the National Do-Not-Call Registry prior to Defendant's calls.

55. For violations of N.C. Gen. Stat. § 75-102(a), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and any other violation that occurs within two years of the first violation. N.C. Gen. Stat. § 75-105(b).

56. North Carolina General Statute § 75-102(b) prohibits a telephone solicitor from making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that number." N.C. Gen. Stat. § 75-102(b).

57. Plaintiff communicated to Defendant a desire to receive no further telephone solicitations from Defendant, yet Defendant continues to place calls to Plaintiff.

58. For violations of N.C. Gen. Stat. § 75-102(b), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and any other violation that occurs within two years of the first violation. N.C. Gen. Stat. § 75-105(b).

59. North Carolina General Statute § 75-102(c)(1) requires a telephone solicitor to: "[a]t the beginning of the telephone solicitation, state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation."

60. Defendant would use deceptive names, such as "Healthcare" to conceal its identity and avoid liability for its illegal telemarketing practice.

61. For violations of N.C. Gen. Stat. § 75-102(c)(1), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and any other violation that occurs within two years of the first violation. N.C. Gen. Stat. § 75-105(b).

62. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Device storage;
- Lost time tending to and responding to the unsolicited calls and voicemails;
- Invasion of Privacy; and
- Nuisance.

63. These forms of actual injury are sufficient for Article III standing purposes.

64. To the extent Defendant is not directly liable for the calls at issue, Defendant is liable for each of the violating calls under one or more of the following theories of vicarious liability.

65. Defendant is vicariously liable for the calls placed by third party vendors because Defendant authorized the calls and instructed its third parties to advise consumers that the calls were made on Defendant's behalf.

66. Defendant knowingly accepted the benefit of its third parties' contacts with consumers despite the fact that these consumers were contacted through conduct that violates the TCPA.

67. Alternatively, Defendant ratified the TCPA violations by knowing facts that would cause an ordinarily prudent person to inquire as to whether its third parties were complying with

the TCPA.

## CLASS ACTION ALLEGATIONS

68. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," the "TCPA Classes" and the "North Carolina Classes" as defined as follows:

## THE TCPA CLASSES

> Plaintiff and all persons within the United States to whom, from four years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed two or more calls (2) for the purpose of encouraging the purchase of Defendant's products or services (3) in a 12-month period (4) when the telephone number to which the calls were made was on the National Do-Not-Call Registry at the time of the calls.

("TCPA 227(c) Class")

> Plaintiff and all persons within the United States to whom, from four years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed two or more calls in a 12 month period (2) for the purpose of encouraging the purchase of Defendant's products or services (3) and with at least one call occurring after Defendant's records reflect the called party requested that calls stop.

("TCPA Policy Class")

## NORTH CAROLINA CLASSES

> Plaintiff and all residents of the State of North Carolina to whom, from two years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed a telephone solicitation (2) when the telephone number to which the telephone solicitation was made was on the National Do-Not-Call Registry at the time of the call.

("NC 75-102(a) Class")

> Plaintiff and all residents of the State of North Carolina to whom, from two years prior to the filing of this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) placed a telephone solicitation (2) after the telephone subscriber previously communicated a desire to receive no further telephone solicitations to that number.

("NC 75-102(b) Class")

> Plaintiff and all residents of the State of North Carolina to whom, from two years prior to the filing of this action through class certification, (1) Defendant (or an

agent acting on behalf of Defendant) placed (2) an unsolicited telephone call (3) that identified the telephone solicitor as anything other than Platinum Choice Health Care, LLC at the beginning of the telephone solicitation.

("NC 75-102(c)(1) Class")

(The TCPA Classes and the North Carolina Classes are collectively referred to herein as the "Classes.")

69. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

70. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

71. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its calls;
   b. The telephone numbers to which Defendant placed its calls;
   c. The telephone numbers for which Defendant had prior express written consent;
   d. The telephone numbers for which Defendant received opt-out requests and/or do-not-call requests;
   e. The purposes of such calls;
   f. The time period Defendant used names other than the true identity of Defendant during the beginning of a telephone solicitation; and
   g. The names and addresses of Class members.

72. The Classes are comprised of hundreds, if not thousands, of individuals.

73. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    b. Whether Defendant (or someone acting on its behalf) makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

    c. Whether Defendant had a policy of using a name, other than its true name, at the start of its telephone solicitations to avoid its illegal practices from being detected;

    d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

74. Plaintiff is a member of the Classes in that Defendant placed telemarketing calls to his phone using an automatic telephone dialing system.

75. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

76. Plaintiff and all Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

77. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

78. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

79. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

80. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

81. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

82. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA 227(c) Class)**

83. Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

84. Defendant made, or had made on its behalf, telephone solicitations to Plaintiff's and TCPA 227(c) Class Members' telephone numbers.

85. Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

86. Plaintiff and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

87. Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

88. Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the TCPA Policy Class)**

89. Plaintiff and the proposed TCPA Policy Class incorporate the foregoing allegations as if fully set forth herein.

90. The TCPA requires any party that is engaged in telemarketing institute and maintain a written internal do-not-call policy. 47 C.F.R. § 64.1200(d).

91. Defendant violated the TCPA by not having sufficient internal do-not-call policies, by not following or honoring the policies it did have, and/or by not sufficiently ensuring that those making calls on their behalf did the same—including by failing to actually honor do-not-call requests made by Plaintiff and other members of the TCPA Policy Class.

92. As a result of these violations, Plaintiff and the TCPA Policy Class Members were damaged by Defendant's violations, in that they received non-privileged and unsolicited telemarketing calls that invaded their privacy.

93. Plaintiff and TCPA Policy Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

94. Plaintiff and TCPA Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(a)
### (On Behalf of Plaintiff and the NC 75-102(a) Class)

95. Plaintiff and the proposed NC 75-102(a) Class incorporate the foregoing allegations as if fully set forth herein.

96. Defendant made, or had made on its behalf, telephone solicitations to Plaintiff's and NC 75-102(a) Class Members' telephone numbers.

97. Plaintiff's and NC 75-102(a) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the telephone solicitations.

98. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $500 in statutory damages for the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

99. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $1,000 in statutory damages for the second violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

100. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

## FOURTH CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(b)
### (On Behalf of Plaintiff and the NC 75-102(b) Class)

101. Plaintiff and the proposed NC 75-102(b) Class incorporate the foregoing allegations as if fully set forth herein.

102. Defendant made, or had made on its behalf, telephone solicitations to Plaintiff's and NC 75-102(b) Class Members' telephone numbers after Plaintiff and each of the NC 75-102(b) Class Members communicated to Defendant a desire to receive no further telephone solicitations from the telephone solicitor to their respective numbers.

103. Plaintiff and NC 75-102(b) Class Members are entitled to an award of $500 in statutory damages for the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

104. Plaintiff and NC 75-102(b) Class Members are entitled to an award of $1,000 in statutory damages for the second violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

105. Plaintiff and NC 75-102(b) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

### FIFTH CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(c)(1)
### (On Behalf of Plaintiff and the NC 75-102(c)(1) Class)

106. Plaintiff and the proposed NC 75-102(c)(1) Class incorporate the foregoing allegations as if fully set forth herein.

107. Defendant made, or had made on its behalf, unsolicited telephone calls to Plaintiff's and NC 75-102(c)(1) Class Members' telephone numbers.

108. These unsolicited telephone calls did not "state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation."

109. Plaintiff and NC 75-102(c)(1) Class Members are entitled to an award of $500 in statutory damages for the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

110. Plaintiff and NC 75-102(c)(1) Class Members are entitled to an award of $1,000 in statutory damages for the second violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

111. Plaintiff and NC 75-102(c)(1) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation, pursuant to N.C. Gen. Stat. § 75-105(b)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C. An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. §§ 75-102(a), 75-102(b) and 75-102(c)(1).

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 6, 2024

/s/ Craig M. Shapiro
Craig M. Shapiro (State Bar # 48887)
SHAPIRO LAW OFFICE, PLLC
644 Holly Springs Road, Suite 195
Holly Springs, North Carolina 27540
(919) 480-8885
craig@shapirolawofficepllc.com

/s/ Max S. Morgan
Max S. Morgan, Esquire
Eric H. Weitz, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, Pennsylvania 19102

(267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
(*Pro Hac Vice* motions to be filed)

*Counsel for Plaintiff*